# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| | Misc. Case No. 6:24-mc-564 |
| EIRE OG INNOVATIONS LTD.<br>v.<br>CISCO SYSTEMS, INC. | Underlying Case No. 2:24-cv-00224-JRG-RSP<br>(Lead Case)<br>Pending in the E.D. Tex. |
| EIRE OG INNOVATIONS LTD.<br>v.<br>FORTINET, INC. | Underlying Case No. 2:24-cv-00225-JRG-RSP<br>(Member Case) |
| EIRE OG INNOVATIONS LTD.<br>v.<br>INTERNATIONAL BUSINESS MACHINES<br>CORPORATION | Underlying Case No. 2:24-cv-00226-JRG-RSP<br>(Member Case) |
| EIRE OG INNOVATIONS LTD.<br>v.<br>PALO ALTO NETWORKS, INC. | Underlying Case No. 2:24-cv-00227-JRG-RSP<br>(Member Case) |

## PLAINTIFF EIREOG INNOVATIONS LTD.'S MOTION TO COMPEL THIRD PARTY INTEL CORPORATION TO COMPLY WITH RULE 45 SUBPOENA

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................. 1

II.   FACTUAL BACKGROUND ............................................................................................... 2

III.  ARGUMENT ....................................................................................................................... 3

IV.   CONCLUSION .................................................................................................................... 6

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Dynamic Applet Techs., LLC v. Mattress Firm, Inc.*,
   Case No. 4:17-cv-00860-ALM-KPJ, Dkt. No. 123, 2019 U.S. Dist. LEXIS
   50125 (E.D. Tex. Mar. 26, 2019) ................................................................................ 6

*STMicroelectronics, Inc. v. Motorola, Inc.*,
   308 F. Supp. 2d 754 (E.D. Tex. 2004) ........................................................................ 6

*Vertical Computer Systems, Inc., v. Interwoven, Inc. et al.*,
   Case No. 2:10-cv-00490-WCB, Dkt. No. 149 (E.D. Tex. Sept. 13, 2013) ................................ 6

**<u>Rules</u>**

Fed. R. Civ. P. 26 ............................................................................................................ 3

## I.     INTRODUCTION

Plaintiff Eire Og Innovations Ltd. ("Eireog") respectfully moves this Court to compel third-party Intel Corporation ("Intel") to comply with Eireog's subpoena and produce source code for each Intel processor at issue in the Accused Products.  The requested discovery is indisputably relevant to the ongoing patent infringement lawsuit that includes defendants Cisco, Fortinet, IBM, and Palo Alto Networks.  *Eire Og Innovations Ltd. v. Cisco Systems, Inc.*, No. 2:24-cv-00224-JRG-RSP (Lead Case) (E.D. Tex.) (the "Underlying Action"). The relevant Accused Products include Cisco, Fortinet, IBM, and Palo Alto Networks products that incorporate various Intel processors.

The Accused Products include various "generations" of Intel processor microarchitectures, which Intel denotes with different monikers (such as "Skylake" and "Haswell").  In response to Eireog's subpoena, Intel has already produced source code corresponding to Intel's Skylake and Haswell generation processors, which are relevant to a ***subset*** of the Accused Products in the Underlying Action.  However, Intel now refuses to produce any additional source code with respect to the ***other*** Intel processors incorporated in the Accused Products.  Intel incorrectly argues that "Eireog's contentions do[] not provide the specificity that is required to accuse those products."  Ex. 1 (Oct. 15 email from J. Soller to S. Hasenour).  But Eireog's infringement contentions repeatedly identify the Intel processors at issue as including "Skylake-based architecture **and newer**" and "Haswell-based architecture **and newer**."  Intel's refusal to produce source code for the subsequent generations of Intel processors is meritless.

Moreover, Eireog's infringement contentions specifically identify by model number the Cisco, Fortinet, IBM, and Palo Alto Networks products that incorporate the Intel processors.  And, in response to interrogatories, the defendants have identified additional Intel processors for these

Accused Products beyond only Skylake and Haswell.  As such, the defendants' interrogatory responses confirm that the parties understand and do not dispute the scope of the Accused Products, which are plainly not limited to only Intel's Skylake and Haswell generation processors.

Finally, any allegation that Intel would be unduly burdened by producing source code for each Intel processor is not persuasive.  Although Intel is a third-party to the Underlying Action, Intel is represented by the same counsel as Cisco and IBM (WilmerHale).  Further, prior to filing this Motion, counsel for Eireog met and conferred with counsel for Intel and proposed that Intel's source code production could be limited through a representative source code stipulation or limited production of specifically identified source code.  However, Intel refused to produce any additional code or to provide any proposal to address the source code for the other Intel processors.

Accordingly, this Court should compel Intel to comply with the subpoena for each of the Intel processors at issue in the Accused Products.

## II.    FACTUAL BACKGROUND

Eireog filed the Underlying Action against the defendants in the Eastern District of Texas asserting patent infringement of four United States patents.  *See* Compl., Dkt. No. 1.  Eireog served its infringement contentions on May 29, 2024.  *See, e.g.*, Ex. 2 (Infringement Contentions to Cisco).  On July 9, 2024, Eireog served its subpoena to Intel.  Ex. 3.  Intel served its objections to the subpoena on August 6, 2024.  Ex. 4.

After the negotiation and filing of a supplemental protective order for Intel, Intel produced source code corresponding to Intel's Skylake and Haswell generation processors, which Eireog reviewed starting on September 30, 2024.  Hasenour Decl. ¶ 9.  After the initial review of Intel's production, Eireog requested that Intel produce the corresponding source code with respect to the other Intel processors incorporated in the Accused Products and identified in the Complaint and

infringement contentions.  Ex. 1 (Oct. 7 email from S. Hasenour to J. Soller).  On October 16, 2024, Intel and Eireog met and conferred, and Intel refused to produce any additional source code. Hasenour Decl. ¶ 10.

## III.   ARGUMENT

A non-party subpoena recipient is "subject to the same scope of discovery" as a party would be, namely, "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

Eireog is not requesting exceptional relief.  Based on Eireog's infringement contentions, Intel has already identified and produced relevant source code for Intel's Skylake and Haswell generation processors, which are relevant to a subset of the Accused Products in the Underlying Action.  Rather, Eireog is simply requesting that Intel produce the corresponding source code for the other Intel processors at issue in the Accused Products.  As Intel has not disputed the relevance of the produced Skylake and Haswell source code, there is no basis for Intel to dispute the relevance of the corresponding source code for the other Intel processors.

Despite the undisputed relevance, Intel maintains that Eireog's infringement contentions do not provide sufficient specificity for the newer generations of Intel processors.  But Eireog's infringement contentions repeatedly identify the Intel processors at issue as including "Skylake-based architecture and newer" and "Haswell-based architecture and newer."  For example, Eireog's claim chart for the '399 Patent for Cisco identifies "Skylake-based architecture and newer," including Cisco's UCS X-Series that includes 3rd, 4th, and 5th Gen Intel Xeon processors.

3

**Claim 14**

| Claim 14 | Exemplary Evidence of Infringement |
|---|---|
| [14-Pre] A processing device comprising: a processor core; and a unified cache comprising: | To the extent the preamble is limiting, the Accused Products comprise a processing device comprising a processor core and unified cache.<br><br>Each of the Accused Products all comprise one or more Intel Xeon processors (Skylake-based architecture and newer).  For example, Cisco's UCS X-Series utilize Intel Xeon processors, which are representative of the Accused Products:<br><br><br><br>*See* https://www.cisco.com/c/en/us/solutions/data-center/data-center-computing/model-comparison.html#~ucs-x-series<br><br>For example, Intel's Xeon processors include multiple cores: |

Ex. 5 at 5.  In addition, the materials cited throughout the infringement contentions are not limited to Skylake and Haswell architectures.  For example, the infringement contentions cite to Intel's 64 and IA-32 Architectures Software Developer's Manual (Vol. 3a), dated December 2023.  Ex. 6 at 2.  That document contains a section denoting the "processors covered in this manual" and lists "newer" generations of Intel processors (such as "Alder Lake," "Raptor Lake," "Sapphire Rapids," and "Emerald Rapids" architectures).  Ex. 7 at 1-1 to 1-4.  While Eireog pointed this out to Intel during the parties' meet and confer, Intel has simply said that the manual is unhelpful because it cites to older models of Intel processors as well.  Ex. 1.  However, as the statements and materials cited in Eireog's infringement contentions make clear, Intel is simply wrong to argue that the contentions are limited to only Skylake and Haswell processors.

In addition, Eireog's infringement contentions specifically identify by model number the Cisco, Fortinet, IBM, and Palo Alto Networks products that incorporate the various Intel processors.  For example, Eireog's contentions for Cisco specifically identify a list of accused products for each asserted patent:

**'399 Patent:** Cisco products using Intel-based CPUs (Skylake-based architecture and newer) (including but not limited to Cisco UCS B200/B480/C220/C240/C480 M5 Servers, UCS B200/C220/C240 M6 Servers, UCS C220/C240 M7 servers, UCS X-Series M6 servers, UCS X-Series M7 servers, UCS S3260 Storage Server, and Catalyst 9300L Series Switches) and AMD-based EPYC CPUs (including but not limited to UCS C125 M5 Servers, UCS C225 M6 Servers, UCS C245 M6/M8 Servers, UCS C4200 Series Rack Server Chassis, HyperFlex 225c/245c Hybrid and Edge Nodes, and Secure Firewall 3100 Series).

**'777 Patent:** Cisco products using Intel-based CPUs (Skylake-based architecture and newer) (including but not limited to Cisco UCS B200/B480/C220/C240/C480 M5 Servers, UCS B200/C220/C240 M6 Servers, UCS C220/C240 M7 servers, UCS X-Series M6 servers, UCS X-Series M7 servers, UCS S3260 Storage Server, and Catalyst 9300L Series Switches) and AMD-based EPYC CPUs (including but not limited to UCS C125 M5 Servers, UCS C225 M6 Servers, UCS C245 M6/M8 Servers, UCS C4200 Series Rack Server Chassis, HyperFlex 225c/245c Hybrid and Edge Nodes, and Secure Firewall 3100 Series).

**'626 Patent:** Cisco products using Intel-based CPUs (Haswell-based architecture and newer) (including but not limited to UCS B200/C220/C240 M4 Servers, UCS B200/B480/C220/C240/C480 M5 Servers, UCS B200/C220/C240 M6 Servers, UCS C220/C240 M7 servers, UCS X-Series M6 servers, UCS X-Series M7 servers, UCS S3260 Storage Server, UCS E-Series Servers, Catalyst 9300, 9300L, 9400, 9500, and 9600 Series Switches, Nexus 3000, 9200, 9300, 9400, 9500, and 9800 Series Switches, Nexus 7700 Supervisor 3E, 8000 Series Routers, 4000 Integrated Service Routers, and Cloud Services Platform 2100) and AMD Zen-based CPUs (including but not limited to UCS C125 M5 Servers, UCS C225 M6 Servers, UCS C245 M6/M8 Servers, UCS C4200 Series Rack Server Chassis, HyperFlex 225c/245c Hybrid and Edge Nodes, and Secure Firewall 3100 Series).

Ex. 2 at 2. There is no dispute that certain of these accused products include other Intel processors beyond Skylake and Haswell.

Further, in response to Eireog's interrogatories, the defendants identified additional Intel processors used by the Accused Products. Hasenour Decl. ¶ 11. As such, the defendants' interrogatory responses confirm that the parties understand the scope of the Accused Products, which are plainly not limited to only Intel's Skylake and Haswell generation processors. To that

end, there is no basis for Intel's refusal to produce the corresponding source code for these other Intel processors identified in the defendants' interrogatory responses.

Intel's arguments regarding Eireog's infringement contentions are further refuted by the case law.  In the Eastern District of Texas, infringement contentions "are not intended to require a party to set forth a prima facie case of infringement and evidence in support thereof."  *Dynamic Applet Techs., LLC v. Mattress Firm, Inc.*, Case No. 4:17-cv-00860-ALM-KPJ, Dkt. No. 123, 2019 U.S. Dist. LEXIS 50125, at *8 (E.D. Tex. Mar. 26, 2019).  Further, infringement contentions "are not meant to provide a forum for litigation of the substantive issues; they are merely designed to streamline the discovery process."  *Vertical Computer Systems, Inc., v. Interwoven, Inc. et al.*, Case No. 2:10-cv-00490-WCB, Dkt. No. 149 at *2-3 (E.D. Tex. Sept. 13, 2013); citing *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004).  Accordingly, Eireog's infringement contentions provide sufficient notice of the infringement theory for each Accused Product by citing evidence that is common across the various Intel processors.  Thus, there is no requirement for Eireog to provide separate claim charts for each version of Intel processor.

In short, Eireog is entitled to discovery from Intel to account for each of the Intel processors in the Accused Products identified in Eireog's infringement contentions.  Absent a representative source code stipulation or other satisfactory agreement to address coverage of each of these Accused Products, Intel must produce the corresponding source code for each Intel processor.  Intel's arguments to the contrary are meritless.

## IV.    CONCLUSION

For the foregoing reasons, this Court should order Intel to comply with the subpoena for each of the Intel processors at issue in the Accused Products and produce the corresponding source code for each Intel processor.

Dated:  October 24, 2024

Respectfully submitted,

By: */s/ Brett Cooper*
Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth R. Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Jonathan Yim (TX SBN 24066317)
jyim@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com

**BC LAW GROUP, P.C.**
200 Madison Avenue, 24ʰ Floor
New York, NY 10016
Telephone: (212) 951-0100

*Attorneys for Eire Og Innovations Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Western District of Texas using the ECF System, and served a copy on counsel for Defendants Cisco Systems, Inc., Fortinet, Inc., International Business Machines Corporation, Palo Alto Networks, Inc., and counsel for Third Party Intel Corporation.

*/s/ Brett Cooper*
Brett Cooper

## **CERTIFICATE OF CONFERENCE**

Counsel for Eireog and Intel have met and conferred regarding the requested discovery.  In particular, counsel for Eireog, including Seth Hasenour and Drew Hollander met and conferred with counsel for Intel, including Jeff Soller on October 16, 2024.  Eireog and Intel were unable to reach agreement during the meet and confer because Intel maintains that Eireog's infringement contentions do not provide specificity as to the newer generations of Intel processors.  Therefore, the parties reached an impasse leaving an open an issue for this Court to resolve.

*/s/ Brett Cooper*
Brett Cooper
